# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Daniel L. Strickland, | : | Case No. 5:08CV0455 |
| | : | |
| Petitioner | : | Judge Solomon Oliver, Jr. |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Julius C. Wilson, Warden, | : | |
| | : | REPORT AND RECOMMENDATION |
| Respondent | : | |

In this pro se petition in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his October 7, 2005 conviction in a jury trial of one count of aggravated robbery upon which he was sentenced to four years incarceration.

Petitioner's conviction arose from the robbery of his former boss in the parking lot of his former employer, The Red Roof Inn located on Arlington Road in Akron, Ohio.

Petitioner appealed his conviction to the Ohio Ninth District Court of Appeals, alleging the following two assignments of error:

> I.  Appellant's convictions were based upon insufficient evidence and against the manifest weight of the evidence.  The trial court erred by denying Appellant's Crim. R. 29 motions.
>
> II. The prosecutor engaged in misconduct by calling Appellant a liar in closing arguments.

On January 10, 2007 the appellate court affirmed the conviction.

1

Petitioner failed to file a timely appeal of that affirmance to the Ohio Supreme Court. Instead, on April 16, 2007, he filed an untimely pro se notice of appeal to the Ohio Supreme Court by way of a motion for leave to file a delayed appeal, in which he asserted the following assignment of error:

> I. Appellant was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendment [sic] to the United States Constitution when appellate counsel failed to provided appellant with a timely notice of court of appeals decision.

On June 6, 2007 the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal.

On February 22, 2008 petitioner filed the instant petition in habeas corpus, alleging the following sole claim for relief:

> **A. Ground One:** Petitioner was denied the effective assistance of counsel and due process in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> **Supporting FACTS:** The crux of Petitioner's claim is (1) whether duties of state appellate counsel required counsel to timely provide him with a copy of the state appellate court decision, so that he [petitioner] could file a timely notice of appeal to the Ohio Supreme Court, thus exhausting his right to seek discretionary review to that court, and (2) whether appellate counsel's failure to provide petitioner with such decision, in a timely manner, thus causing Petitioner's right to be forfeited, constitutes ineffective assistance.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The petition was timely filed in accordance with 28 U.S.C. §2244(d).

Respondent asserts while petitioner's claim for relief has been exhausted it was

procedurally defaulted when petitioner failed to file a timely appeal with the state supreme court and that court denied his motion for leave to file a delayed appeal.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus. Hafley v. Sowders, 902 F.2d 480, 482 (6th Cir. 1990).

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it. A default occurs in the state courts if the last state court rendering a decision makes a plain statement of such state procedural default. Harris v. Reed, 489 U.S. 255 (1989). When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." Id. at 84.

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four part approach on habeas corpus for determining whether a petitioner's claim is barred by the failure to

observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must then be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring federal review. If all these questions are answered in the affirmative, the petitioner must satisfy the "cause and prejudice" analysis set forth in Wainwright, supra at 138.

Turning to the present case, the state supreme court refused to entertain the claim for relief raised in this proceeding when it denied petitioner's motion for leave to file a delayed appeal. There being no available means of further presenting this issue to the state courts it has been exhausted, but there remains the question whether it has been procedurally defaulted in light of the refusal of the state supreme court to grant petitioner's motion for leave to file delayed appeal.[1]

Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court provides for the filing of a motion for delayed appeal along with notice of appeal, when a criminal defendant has failed to file a timely appeal to that court from a decision of the lower appellate court. That motion is only to include the reasons for delay, with the actual appeal issues only being presented upon the supreme court's granting such motion. A denial of a motion for delayed appeal is premised solely upon the reasons for delay and, therefore, is a decision based upon procedural default and not upon merits review. Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004).

---

[1] Under Ohio law claims of ineffective assistance of appellate counsel are to be filed in an application to reopen an appeal within ninety days from journalization of the judgement on direct appeal. Rule 26(B), Ohio Rules of Appellate Procedure. Petitioner did not file a Rule 26(B) application to reopen, and any attempt to do so at this point would be untimely. Absent a showing of good cause for the delay, which there is no indication of in this case, the untimely claims would not be considered by the state appellate court. That being the case, requiring petitioner to file such an untimely application would be futile, particularly since he ultimately attempted to present this claim to the supreme court.

The Maupin factors have been satisfied in this case, as the rule requiring timely filing is a state procedural rule which the supreme court enforced, and petitioner's failure to comply with that rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. Id. at 497. As such, petitioner has procedurally defaulted the sole claim for relief raised herein. Id. at 497. Accord, Simpson v. Jones, 238 F.3d 399, 406 (6th Cir. 2000); Barkely v. Konteh, 240 F.Supp.2d 708 (N.D.Ohio 2002).

This issue having been procedurally defaulted in the state supreme court, this Court must look to whether petitioner has satisfied his burden to demonstrate cause for the procedural default and actual prejudice deriving therefrom.

Petitioner argues that ineffective assistance of appellate counsel was the cause of his failure to file a timely appeal in the state supreme court. Petitioner claims that his counsel failed "to timely provide [petitioner] with a copy of the appellate decision so that he could seek a timely claimed appeal of right to the Ohio Supreme Court."

Error or imprudent tactical decision by an otherwise competent counsel does not constitute cause for a procedural default. Murray v. Carrier, 477 U.S. 478 (1986). Only where counsel is constitutionally ineffective can his/her error be deemed "cause." Id. at 488-89. See, also, Lucas v. O'Dea, 179 F.3d 412, 419 (6th Cir. 1999). "[The petitioner's] ineffective assistance of appellate counsel claims can serve as cause for the procedural default of his other claims only if [the petitioner] can demonstrate that his appellate counsel was constitutionally ineffective." Buell v. Mitchell, 274 F.3d 337, 351-52 (6th Cir. 2001).

Before a claim of ineffective assistance of counsel can be cited as cause for a procedural default, however, it must "be presented to the state courts as an independent claim." Id. at 489.

5

> The question whether there is cause for a procedural default does not pose any occasion for applying the exhaustion doctrine when the federal habeas court can adjudicate the question of cause--a question of federal law--without deciding an independent and unexhausted constitutional claim on the merits. But if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be illserved by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," . . . and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

Id. (Citation omitted). Accord, Edwards v. Carpenter, 529 U.S. 446 (2000).

The underlying flaw with petitioner's argument on cause is that he did not have the right to counsel in his discretionary appeal to the state supreme court. Halbert v. Michigan, 545 U.S. 605 628 (2005), citing Wainwright v. Torna, 455 U.S. 586 (1982) and Ross v. Moffitt, 417 U.S. 600 (1974). Accord, Wright v. Bobby, Case No. 1:05CV2870, 2008 U.S.Dist. LEXIS 47555, *8 (N.D.Ohio 2008) (J. Wells). Absent such right, any ineffective assistance which might have impeded his ability to file a timely appeal to the state supreme court could not constitute cause for the aforementioned procedural default.[2]

Petitioner having failed to demonstrate cause for the procedural default of failing to present a timely appeal to the state supreme court, the instant claim for relief must fail on that basis.

The same rationale applies to defeat petitioner's sole claim for relief upon merits review. His claim of ineffective assistance of appellate counsel as articulated in the petition for writ of

---

[2]There has been no convincing showing of actual innocence as regards the procedural default claim.

habeas corpus turns on counsel's failure to provide to him in a timely manner a copy of the lower appellate court's decision in order that he could timely file his appeal to the state supreme court. Such a claim could not succeed when petitioner had no constitutional right to such an appeal in the first instance.[3]

As a consequence of the foregoing, petitioner's sole claim for relief would also fail upon merits review.

In light of all the foregoing it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits.

It is, therefore, recommended that the petition be dismissed without further proceedings.


                                                                                      s/DAVID S. PERELMAN
                                                                                      United States Magistrate Judge


DATE:   January 27, 2009


## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of

---

[3]That determination is not altered by the fact that within his sole claim for relief petitioner has included his "Proposed Propositions of Law" which were presented to the state supreme court in his motion for leave to file delayed appeal. For the reasons stated previously herein, those claims were also procedurally defaulted, as they were not timely filed, the rule requiring timely filing is a state procedural rule with which the petitioner failed to comply, the supreme court enforced the rule, and failure to comply with that rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. Having already established that there was not an adequate showing of cause and prejudice for the procedural default, these underlying claims should also be dismissed as procedurally defaulted.

Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).