UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL L. STRICKLAND, *Pro Se,* | ) | Case No.: 5:08 CV 455 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JULIUS C. WILSON, WARDEN | ) | |
| | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Now pending before the court is *Pro Se* Petitioner Daniel L. Strickland's ("Petitioner" or "Strickland") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1). Strickland's Petition challenges the constitutionality of his October 7, 2005 conviction, in a jury trial before the Summit Court of Common Pleas on one count of aggravated robbery, in violation of Ohio Revised Code § 2911.01(A)(1). Strickland was sentenced to four years incarceration on this count. For the following reasons, the court denies Strickland's Petition.

**I. BACKGROUND**

**A. Facts**

Petitioner was indicted on one count of aggravated robbery, in violation of R.C. § 2911.01(A)(1) on July 12, 2005. The Indictment averred that Strickland robbed his former employer, Ms. Nadudvari, who had previously fired him from his job at the Red Roof Inn, at knife point at the hotel at approximately 10:20 a.m. Strickland pled not guilty to the armed robbery count. A jury found

Strickland guilty on October 18, 2005, and the judge sentenced him to four years incarceration in Richland Correctional Institute on October 19, 2005.

## B. Procedural History

Strickland timely appealed his conviction on November 18, 2005. (Pet. Mem. at 3.) Strickland's appellate counsel, Martha Hom ("Hom"), filed a brief on July 31, 2006, which raised the following two assignments of error: (1) "Strickland's convictions were against the weight of the evidence. The trial court therefore erred when it denied Strickland's Rule 29 Motions"; and (2) "the prosecutor engaged in misconduct by calling Strickland a liar in closing arguments." (*Id.* at 3, 6.)

On January 10, 2007, the Ohio Ninth District Court of Appeals affirmed Petitioner's conviction and sentence. (*Id.* at 4; Strickland Affidavit, Respondent's Br., Ex. 10, App. A-1.) However, according to Strickland, his attorney did not notify him of this decision. (*Id.* at 4.) In denying Petitioner's appeal, the appeals court first held that sufficient evidence existed in the record, including the victim's identification of Strickland as the perpetrator of the robbery and Strickland's apology to her the next day, to conclude that Strickland was the perpetrator of the robbery. *State v. Strickland,* C.A. No. 22980, 2007 Ohio App. LEXIS 41, at *7-12 (Ohio Ct. App. Jan. 10, 2007). Second, based on the appellate court's finding that the failure of Strickland's trial counsel to object to the prosecutor's statements during trial constituted a waiver, the court did not review Strickland's argument that he was denied a fair trial due to prosecutorial misconduct.

On January 19, 2007, Petitioner wrote a letter to the University of Akron School of Law's Legal Clinic/Appellate Review office to ascertain the status of his appeal. (*Id.*) Law students from the University of Akron met with Strickland on January 26, 2007. (*Id.*) At the meeting, Strickland

requested that the students in the clinic contact Hom and another attorney, Tom Bauer, to ascertain the status of his appeal.  (*Id.*)

On February 8, 2007, Petitioner received a letter from J. Dean Carro, Esq. ("Caro"), notifying Petitioner that a message was left with both Hom and Bauer.  (*Id.*)  Caro's letter also enclosed a copy of the Ninth District Court of Appeals docket, which indicated that the appeals court had denied Strickland's appeal on January 10, 2007. (*Id.*)

On February 26, 2007, Petitioner was returned to Richland Correctional Institute. (*Id.*) Strickland immediately visited the inmate law library and discovered that he only had 45 days from the date of the Ohio appellate court decision to seek timely discretionary review to the Ohio Supreme Court.  (*Id.*)  However, the deadline for this discretionary appeal was February 23, 2007, which had already expired.  (*Id.*)

On February 27, 2007, Petitioner mailed a letter to Ohio Public Defender Daniel H. Bodiker informing Bodiker of his situation and requesting the Public Defender's help in perfecting an appeal to the Ohio Supreme Court.  (*Id.*)  The same day, Petitioner also mailed a letter to Hom requesting that she send him a copy of the state court appellate decision. (*Id.*)

On March 6, 2007, Strickland received a letter from Hom stating that she had mailed a copy of the appellate court decision to him on January 11, 2007, at both Richland Correctional Institute and Summit County Jail, in light of the fact that she did not know which prison he would be residing. (Respondent's Ex. 10, A-4.)  Hom's letter explained that if mail is not delivered to a person in prison, then it is not forwarded to the prisoner, but rather is simply returned to the sender.  (*Id.*)  Hom stated that she "did not receive the mail back as undeliverable and had presumed that [he] received it."  (*Id.*) Hom also enclosed an "unfiled" copy of the appellate court decision, which was not date-stamped.

- 3 -

Because the enclosed decision was not date-stamped, the appellate court decision did not conform with Ohio Supreme Court Rule III, Section 1(D)'s requirement that an appellant shall attach a "date-stamped copy of the court of appeals opinion and judgment entry being appealed to the memorandum." (*Id.* at 5, n.6.)

Petitioner eventually secured a "date-stamped" copy of the appellate court decision via a case docket service provided by the inmate law library. (*Id.* at 5.)[1] On April 16, 2007, Petitioner filed a Motion for Leave to File Delayed Appeal, pursuant to Ohio Supreme Court Practice Rule II, Section 2(A)(4)(b). Petitioner's argument before the Ohio Supreme Court was that he was denied the effective assistance of appellate counsel, in violation of the Sixth and Fourteenth Amendments of the United States Constitution, because counsel failed to provide Strickland with a timely notice of the appellate court decision. He raises the following "Propositions of Law":

> Appellant was denied the effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution when appellate counsel failed to raise ineffective assistance of trial counsel on appeal for trial counsel's failure to investigate and failure to object at trial.

(Pet., Att. A-6.)

### C. Strickland's Petition

In his Petition, Strickland argues he is entitled to habeas relief because of the ineffective assistance of his appellate counsel in failing to provide Strickland with a timely notice of the appellate

---

[1] However, the court notes that Petitioner indicated in his delayed appeal that he obtained a time-timed copy of the Court of Appeals decision from John Fenlon, an Assistant Ohio Public Defender, in response to Petitioner's February 27, 2007, correspondence. (Appeal to Ohio Supreme Court at 4, Resp. Ex. 10.)

- 4 -

court decision. Thus, Strickland argues that he was precluded from presenting the following claim to the Ohio Supreme Court: Strickland was denied the effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution when appellate counsel failed to raise ineffective assistance of trial counsel on appeal for trial counsel's failure to investigate and failure to object at trial to the prosecutor's misconduct. (Pet. Mem. at 27.)

## II. REPORT AND RECOMMENDATION

This case was referred to Magistrate Judge David S. Perelman ("Magistrate Judge") for the preparation of a Report and Recommendation ("R&R"). The Magistrate Judge issued his R&R (ECF No. 19) on January 29, 2009, recommending that the Petition be denied. Specifically, the Magistrate Judge concluded that Strickland failed to demonstrate cause for his procedural default because he did not present a timely appeal to the Ohio Supreme Court inasmuch as Strickland had no right to counsel before the Ohio Supreme Court. (R&R at 6.) As of the date of this Order, Petitioner has not filed an Objection to the R&R.[2]

## III. THE COURT'S FINDINGS

### A. Procedural Default

As the Magistrate Judge correctly noted:

When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and prejudice for such default. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Under this standard of review a petitioner must show "cause for the

---

[2] By failing to file an Objection, Strickland has waived the right to appeal the Magistrate Judge's R&R. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). In any event, the court finds his Petition is not well-taken and denies it for the reasons set forth hereafter.

- 5 -

> noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." *Id.* at 84.

(R&R at 3.) However, the court rejects the Magistrate Judge's conclusion that Strickland has not demonstrated cause for his procedural default in light of the Sixth Circuit's ruling in *Smith v. Ohio Department of Rehabilitation and Corrections,* 463 F.3d 426, 432-35 (6th Cir. 2006), which held to the contrary.

### 1. Ineffective Assistance of Counsel

The Sixth Amendment guarantees all defendants the right to constitutionally effective assistance of counsel. Counsel is presumed effective; thus, a petitioner has a significant hurdle in establishing ineffective assistance of counsel. In *Strickland v. Washington,* 466 U.S. 668, 686 (1984), the Supreme Court held:

> The benchmark for judging any claim for ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

To establish that counsel was ineffective, a defendant must prove that: (1) the counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. A counsel's performance is deficient when that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id*. at 687. In determining whether counsel's performance prejudiced the defendant, the defendant must show that the counsel's error "was so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In this regard, the Sixth Circuit has explained:

> The Constitution . . . does not guarantee . . . an excellent lawyer. It does not even guarantee . . . a good lawyer. Instead, the Sixth Amendment right to the effective assistance of counsel entitles [a defendant] to nothing more than a "reasonably competent attorney" whose performance falls "within the range of competence

demanded of attorneys in criminal cases."

*Moran v. Trippett*, No. 96-2174, 1998 U.S. App. LEXIS 12566, *14-*15 (6th Cir. June 8, 1998) (citing *Strickland*, 466 U.S. at 687)).

### 2. Cause to Excuse Procedural Default

Constitutionally ineffective assistance of counsel can serve as cause to overcome procedural default. *Deitz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004). As the Sixth Circuit noted in *Smith v. Ohio Department of Rehabilitations and Corrections,* 463 F.3d 426, 432 (6th Cir. 2006), a case factually similar to the instant action, "there can be a constitutional claim of ineffective assistance of counsel only at a stage of the proceedings when there is a right to counsel under the Sixth Amendment." (Citation omitted). As *Smith* recognized, "[t]here is no doubt that there is a constitutional right to effective assistance of counsel during a direct appeal as of right." *Id.* at 433

In *Smith,* as in the instant case, the petitioner maintained that he did not receive notification of the appeals court decision from his appellate counsel, although the appellate counsel stated she had timely mailed a copy of the decision to the petitioner.[3] The Sixth Circuit explained that "the district court rejected the petitioner's argument that his procedural default should be excused because of the

---

[3] As a threshold issue, the *Smith* court stated that "[a]lthough Smith's appellate counsel stated in a letter to Smith that she mailed him a copy of the Court of Appeals decision on July 1, 2000, there is no proof that it was then mailed or more importantly that Smith received this copy. The district court found that Smith did not receive notice of the judgment until August 11, 2000, the date given by Smith." Here, for the reasons set forth hereafter, the court in the instant case need not make a factual determination regarding whether Hom mailed the decision or whether Strickland received it in light of the court's finding that Strickland cannot establish that he was prejudiced by Hom's alleged actions.

- 7 -

ineffective assistance of his appellate counsel -- namely, his counsel's failure to provide him with timely notification of the judgment of the Ohio Court of Appeals -- on the basis that [the petitioner] had no right to counsel before the Ohio Supreme Court." *Id.* at 428. The Sixth Circuit disagreed with the district court's holding, finding that "the failure of [petitioner's] counsel to provide [petitioner] with timely notice of the decision of the Ohio Court of Appeals related to the representation on direct appeal of right at the Ohio Court of Appeals, a proceeding during which Smith had a right to counsel, and that counsel's performance was deficient." *Id.* Specifically, the Sixth Circuit found that appellate counsel's performance was deficient because:

> The court's ultimate decision regarding a particular legal proceeding is part of that legal proceeding, and appointed counsel's duties in representing a client during that legal proceeding include the duty of informing her client of the outcome of the proceeding. The Constitution requires "that counsel make objectively reasonable choices," and must do so not only <u>during</u> the legal proceeding for which the counsel represents the client, but also <u>after</u> the judicial proceeding has concluded in determining whether an appeal should be filed.

*Id.* at 433 (emphasis added) (citations omitted). The *Smith* court then explained the importance of appellate counsel's duty to notify a defendant of the results of his direct appeal:

> From counsel's function as assistant to the defendant derive the overarching duty to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." Because the decision regarding whether to "take an appeal" is a "fundamental decision[]" that "the accused has the ultimate authority to make," counsel has a duty to inform the accused of the resolution of a proceeding in a timely fashion so that the accused retains his control over the decision to appeal.

*Id.* at 434 (citations omitted).

The Sixth Circuit then applied these principles to the petitioner's circumstances in *Smith*, finding in relevant part that:

- 8 -

> Local Rule 9(B) of the Ohio Court of Appeals for the Ninth District, the court that issued the decision at issue, states that "[t]he clerk of court for each county shall mail copies of journal entries, court notices, and the final decision and journal entry to counsel of record for a party to the appeal at the last known business address of counsel as listed in the court of appeals' records." The only way that Smith could have learned of the unpublished decision of the Ohio Court of Appeals affirming his conviction was if his counsel notified him. When she failed to do so, Smith was without any means of notice of the decision and thus did not and could not know that the forty-five day deadline for filing a notice of appeal to the Ohio Supreme Court had started to run. Smith did not learn of the decision until he wrote to his counsel on August 7, 2000, and she mailed him a copy of the decision along with her August 8 letter in response, which he did not receive until August 11, 2000, three days before his appeal was due. Because there was no conceivable benefit to delaying notice to Smith of the Ohio Court of Appeals decision, similar to a counsel's failure to file an appeal after specifically being instructed to do so by her client, the conduct of Smith's counsel "cannot be considered a strategic decision.

*Id.* at 434-35. Thus, the *Smith* court held that, "[f]or these reasons, the failure of Smith's counsel to inform Smith of the decision of the Ohio Court of Appeals affirming his conviction within days of the deadline for filing of the appeal cannot be deemed "objectively reasonable," and thus constitutes constitutionally deficient performance.

Here, as in *Smith,* Hom represented Strickland on direct appeal, a stage in his criminal action where he had the Sixth Amendment right to counsel. While Hom maintains that she mailed the appeal to Strickland, Strickland avers that he never received it. If Hom failed to timely mail the appeal to Strickland, it would be constitutionally deficient under *Smith* and would constitute cause to excuse Strickland's failure to file a timely discretionary appeal to the Ohio Supreme Court. However, the court need not resolve this factual dispute in light of the court's determination that, even if Strickland could show cause to excuse his procedural default, he cannot establish he was prejudiced as a result.

<u>3. Prejudice to Excuse Procedural Default</u>

In *Smith,* the Sixth Circuit recognized that when "a defendant alleges that his counsel's ineffective assistance led to 'the forfeiture of a proceeding itself' by denying him the opportunity to appeal and thus to the appeal proceeding itself, prejudice is presumed." *Id.* at 435 (citation omitted). However, for this presumption to apply, "the defendant must demonstrate that counsel's deficient performance <u>actually caused</u> the forfeiture of the defendant's appeal." *Id.* (emphasis added) (citation omitted) . Thus, the *Smith* court applied the following modified version of the standard set forth in *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), to determine whether the petitioner could establish prejudice: "whether there is a reasonable probability that, but for counsel's deficient failure to notify Smith of the Ohio Court of Appeals decision, Smith "would have timely appealed" to the Ohio Supreme Court." *Id.* at 435. Thus, in assessing whether the *Smith* petitioner "would have timely appealed," the *Smith* court stated that:

> [I]f the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal -- here, forty-five days -- the defendant fails to demonstrate that he or she "would have timely appealed" the decision but for the counsel's deficient failure to notify the defendant of the decision. In the absence of other circumstances hindering the defendant's ability to attempt to appeal the decision within this time frame, allowing a greater amount of time would generally bestow a windfall upon the defendant whose counsel promptly failed to notify the defendant of a decision.

*Id.* Applying this standard, the *Smith* court concluded that the petitioner could not establish prejudice to excuse his procedural default because he did not take action to appeal the decision until approximately five months after learning of the appellate court's decision.

Here, Strickland, like the *Smith* petitioner, also did not file his appeal to the Ohio Supreme Court within 45 days of receiving a copy of the appellate court decision. Moreover, the court finds it is of no matter that Hom did not send him a date-stamped copy of the appellate court's decision because

she had no duty to do so. Thus, Strickland does not demonstrate "other circumstances," as recognized in *Smith,* that hindered his ability to attempt to appeal the decision within 45 days of learning of the decision. Accordingly, because Strickland did not file his appeal within 45 days of receiving notice of the appellate court's decision, Strickland cannot demonstrate prejudice sufficient to excuse his procedural default.

### B. Merits

As set forth below, even if Strickland's claims were not procedurally defaulted, Strickland's Petition nonetheless fails on the merits. Specifically, Strickland claims that appellate counsel should have raised certain non-frivolous claims on direct appeal, and her failure to do so constitutes ineffective assistance. As a result, Strickland maintains that, if he had received timely notice of the appellate court's decision and a date-stamped copy of the same, he would have presented the following arguments to the Ohio Supreme Court: (1) Strickland was denied the effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when appellate counsel failed to raise ineffective assistance of trial counsel on appeal for trial counsel's failure to investigate; (2) Strickland was denied the effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when appellate counsel failed to raise ineffective assistance of trial counsel on appeal for trial counsel's failure to object to the prosecutor's misconduct at trial. For the following reasons, the court denies Strickland's Petition based on its finding that these arguments lack merit.

#### 1. Failure to Investigate

Petitioner maintains that his appellate counsel was ineffective, pursuant to *Strickland,* for failing to raise trial counsel's failure to conduct a reasonable investigation into: (1) the times when Petitioner

boarded the bus and the stops the bus made along the route; and (2) any local businesses that may have had cameras to verify whether Petitioner exited the bus at any time during the stops. (Pet. at 29, citing *Blackburn v. Foltz,* 828 F.2d 1177, 1183 (6th Cir. 1987); *Ramonez v. Berghuis,* 490 F.3d 482, 487 (6th Cir. 2007)). Petitioner claims that such an investigation could have determined: (1) whether Petitioner's story could be corroborated that he was at the welfare office; (2) whether the stops the bus made could have permitted Petitioner's arrival at the hotel; and (3) whether Action Tire could have verified he was at the stop during the time he testified he was. (Pet. Att. at A-8.) However, Petitioner's argument fails because he cannot establish either of the *Strickland* prongs.

First, appellate counsel "need not advance every argument, regardless of merit, urged by the appellant." *Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). There is no constitutional right to have every nonfrivolous issue raised on appeal, *see Jones v. Barnes*, 463 U.S. 745, 750-54 (1983), and "tactical choices regarding issues raised on appeal are properly left to the sound professional judgment of counsel." *Workman*, 178 F.3d at 771. In the instant case, *Blackburn* and *Ramonez,* which Petitioner cites to buttress his argument that trial counsel was deficient for failing to investigate, are factually distinguishable from the instant case because both involved trial counsel's failure to interview live alibi witnesses.

Moreover, in light of Strickland's shifting explanations for his whereabouts during the time of the robbery, trial counsel's decision not to investigate in this manner may well have been tactical. For example, a review of the record revealed that Strickland's explanation regarding his whereabouts during the robbery has changed throughout the trial and on appeal. For example, Strickland told a police detective that he was at the welfare office between 10:15 a.m. and 10:30 a.m., the time of the robbery. The welfare office records, however, indicated that Strickland's visit ended at approximately

9:20 a.m., and a police detective testified it took about 18 minutes to arrive at the hotel from the welfare office using public transportation. While Strickland's Notice of Alibi filed with the trial court indicated he could have been at a doctor's office, the public library, or a pawn shop during the time of the robbery, Strickland did not testify at trial that he was at any of these places. Rather, he stated that he arrived at Action Tire at 11:00 a.m., approximately 40 minutes after the robbery occurred, and worked at Action Tire for an hour. Significantly, the Sixth Circuit recognized in *Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), that "[a]ppellate counsel cannot be ineffective for failure to raise an issue that lacks merit." Here, because there is no showing that trial counsel's performance was deficient in this respect, appellate counsel's performance cannot be considered ineffective for failing to raise a meritless issue on appeal.

Second, Strickland also fails to show prejudice from any alleged failure to investigate because there is not a reasonable probability that inclusion of the omitted issue would have changed the result of the appeal. As the Respondent correctly notes, even if counsel had obtained this evidence, it would not have precluded Strickland from also having had time to commit the robbery. For example, Strickland could have committed the robbery at 10:20 a.m. and arrived at Action Tire at 11:00 a.m., as he testified at trial. Moreover, other evidence in the record supports Strickland's conviction. For example, Ms. Nadudvari, Strickland's former boss, identified Strickland, and she and two other hotel employees testified that Strickland called Ms. Nadudvari the next day to apologize. Accordingly, Strickland fails to show he suffered prejudice as a result of appellate counsel's failure to raise trial counsel's alleged ineffective assistance, and the court denies Strickland's Petition on this ground.

2. Failure to Object to Alleged Prosecutorial Misconduct

Strickland argues that appellate counsel was ineffective for failing to raise trial counsel's failure to object to the prosecutor's statements during closing arguments that: (1) called Petitioner a liar; (2) vouched for the credibility of state witnesses; (3) commented on the value of evidence; and (4) improperly instructed the jury as to the standard they needed to apply to convict Strickland.  (Pet'r Mem. at 30-31.)  Rather, appellate counsel argued in the second assignment of error to the state appeals court that "the prosecutor engaged in misconduct by calling [Defendant] a liar during closing arguments."  (*Id.*)  The appeals court rejected this argument, holding that:

> An appellate court generally will not consider as error any issue a party was aware of but failed to bring to the trial court's attention.  Failure to object at the trial court level, when the issue is apparent at that time, generally constitutes a waiver of that issue, and therefore the issue need not be heard for the first time on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 Ohio B. 199, 489 N.E.2d 277, syllabus; *see, also, In re M.D.* (1988), 38 Ohio St.3d 149, 150, 527 N.E.2d 286. Defense counsel made no objections during the prosecutor's closing arguments. Accordingly, we will not review Defendant's argument that he was denied a fair trial due to prosecutorial misconduct. Defendant's second assignment of error is overruled.

*State v. Strickland,* 2007 Ohio App. LEXIS 41, at *12-13.  In light of the well-settled Ohio law cited by the appellate court regarding waiver, the court finds that appellate counsel's decision not to argue that trial counsel was ineffective for failing to object to the prosecutor's statements may have been deficient because this argument was superior to the one advanced on appeal.  *See Robbins v. Mitchell,* 47 F. App'x 380, 385 (6th Cir. 2002) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.")

However, the court need not reach this issue because Strickland cannot show he suffered prejudice as a result of the prosecutor's remarks.  *See Kincade v. Wolfenbarger*, No. 07-1811, 2009 U.S. App. LEXIS 8197, at *29 (6th Cir. April 20, 2009) ("We need not decide whether the prosecutor's use of Thomas's guilty plea constituted prosecutorial misconduct or whether [petitioner's] trial counsel

was deficient in failing to object to its use. Even if we assume that trial counsel was deficient in not objecting to the prosecutor's tactics, [the petitioner] has not established prejudice under *Strickland*, even if trial counsel was ineffective for not objecting.")  Here, in light of the quantity and quality of the evidence against Petitioner, as discussed above, he fails to show that, but for his attorney's failure to object to the use of the prosecutor's remarks, there was a reasonable probability that the jury would have harbored reasonable doubt regarding his guilt.  Accordingly, the court denies Strickland's Petition on this ground.

## IV.  CONCLUSION

The court denies Strickland's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1).  The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 9, 2009